Alleging that she was the sole heir of her deceased mother, Francis Selvage, and, as such, had inherited "a certain frame building located on land rented from the Texas Pacific Railway Company and located adjacent to the North Half of Lot 1 of the Nickens' Subdivision," and that the defendant had laid claim to this house, Cloteal Anderson filed suit asking for judgment in her favor and against the defendant decreeing her to be the owner of this house and enjoining defendant from interfering with her possession and ownership.
Defendant denied that plaintiff was the owner of the house described, asserting that while a portion of the house was located on the right-of-way of the Texas Pacific Railway Company, the remainder was on the North Half of Lot 1 of the Nickens' Subdivision, and that he was the owner of this North Half of Lot 1, having acquired same on July 21, 1938; that the lease from the Texas Pacific Railway to Francis Selvage was made after his acquisition of the property; that from the date of his acquisition to her death in January, 1947, Francis Selvage had paid rent to him as owner. Defendant prayed for judgment rejecting plaintiff's demands and recognizing him as owner of the North Half of Lot 1 of Nickens' Subdivision and all buildings and improvements thereon.
Defendant also filed a plea of prescription and plea of estoppel.
The District Court rendered judgment decreeing the plaintiff to be the owner of the buildings and improvements located on the land rented from the Texas Pacific Railroad Company. The judgment made no mention of defendant's title to the North Half of Lot 1 of the Nickens' Subdivision. Defendant appealed.
Prior to 1923, Francis Selvage acquired the title to the North Half of Lot 1 of the Nickens' Subdivision to the City of Shreveport, Louisiana. This property is triangular in shape and runs out to a narrow point between Western Avenue and the right-of-way of the Texas Pacific Railroad, and when Francis Selvage constructed a small wooden dwelling facing Western Avenue, a survey made later by the railroad showed that this house sat back so as to be largely on the railroad right-of-way. In 1923 the railroad company, doubtless for the purpose of protecting itself against losing title by prescription to the land on which the house rested, drew up and caused Francis Selvage to sign a five year lease for a total consideration of $1, covering that portion of the railroad right-of-way covered by the Selvage dwelling and enclosure.
A pavement lien was recorded against the North Half of this Lot 1 and when same was unpaid, the City of Shreveport in 1932 caused the half lot to be sold at Sheriff's Sale. On July 21, 1938, defendant acquired title to the North Half of this Lot 1 from Dr. Woolworth, who had regularly purchased same from the vendee at the Sheriff's Sale.
Several years later, April 1, 1943, the railroad company granted a second lease *Page 301 
to Francis Selvage covering property identical in description with that of the 1923 lease with the further proviso that "said premises shall be used only as a site for house and yard enclosure." The total consideration for this lease, ending April 1, 1953, was only $1.
The record discloses that plaintiff and her mother built and paid for the house in controversy; that most of the house is located on the right-of-way of the Texas Pacific Railroad Company, on property to which plaintiff's mother has a lease valid until 1953. Defendant himself testified that the house was 80% on the railroad right-of-way.
Defendant testified that he had collected rent from Francis Selvage from 1938 until the time of her death and that he had therefore been in possession, through her as tenant. However, the record does not bear out this claim. Plaintiff's witness, Maude Scott, testified that she lived with Francis Selvage for approximately five years; that, at that time, Francis was old, infirm and unable to work; that she, Maude Scott, paid all the bills, including insurance on the house, and that she was positive that no rent was paid to defendant, Willie Lawson, as he contended. In corroboration of plaintiff's contention that her mother paid no rent but considered herself the owner, plaintiff introduced in evidence a fire insurance policy in favor of her mother covering this house from May, 1939 to May, 1940. She testified that similar insurance remained in effect and offered in evidence another policy covering the period May, 1947 to May, 1948, and had in Court another policy which was currently in effect on the day of trial.
The record establishes that the defendant, Willie Lawson, is the owner of the North Half of Lot 1 of the Nickens' Subdivision in the City of Shreveport, and that plaintiff, as heir of her mother, is the owner of the house described in her petition and located principally upon that portion of the right-of-way of the Texas Pacific Railway Company which was leased by the company to her mother in 1923 and again for ten years beginning in 1943.
The judgment of the District Court is silent as to ownership of the real estate described in plaintiff's petition. We find that the record supports defendant's demand to be recognized as owner of this one-half lot. This can best be accomplished by re-casting the judgment.
The judgment appealed from is set aside and judgment is now entered in favor of plaintiff, Cloteal Anderson, and against defendant, Willie Lawson, recognizing plaintiff as the owner of the house described as Municipal No. 130 Western Avenue, Shreveport, Louisiana.
There is further judgment recognizing the defendant, Willie Lawson, to be the owner of the following described property:
The North Half (N 1/2) of Lot 1 of the Nickens Subdivision, being a subdivision of a part of Ten-Acre-Lot 6 of Section 36, Township 18, Range 14, as per map in Book 7 page 235 of the Conveyance Records of Caddo Parish, Louisiana.
Costs of appeal to be paid by plaintiff; other costs by the defendant.