516 A.2d 61

**John B. BOWSER and Barbara L. Bowser, Appellants,**

v.

**The HERSHEY BASEBALL ASSOCIATION, Appellee,**

v.

**Chris O'NEILL, Appellee.**

Superior Court of Pennsylvania.

Argued June 24, 1986.

Filed Oct. 9, 1986.

Clyde W. McIntyre, Harrisburg, for appellants.

Charles W. Rubendall, II, Harrisburg, for Hershey, appellee.

Richard B. Swartz and James Clippinger, Harrisburg, for O'Neill, appellee.

Before WIEAND, BECK and WATKINS, JJ.

WIEAND, Judge:

May a plaintiff who was struck by a batted baseball during team tryouts conducted under the auspices of an unincorporated, non-profit association recover damages against the association of which he was a member and on whose behalf he was conducting the tryouts? The trial court held there could be no recovery and entered a compulsory nonsuit which it subsequently refused to remove. The plaintiff appealed.

The Hershey Baseball Association is an unincorporated, non-profit association organized to provide a summer baseball program for youths and adults in Derry Township, Dauphin County. John B. Bowser, the plaintiff and now appellant, was a former baseball player and coach. He became a member of the association's board of directors in 1979, and in 1981 he became commissioner of the association's "teener" league for children between the ages of thirteen and fifteen. As commissioner, Bowser assisted with sign-ups, making up team rosters, representing the association at league games and interpreting the rules. In 1983, for the first time, it was determined that the association should field a "teener" team which would compete in a larger league. Pursuant thereto, tryouts were to be held so that all youngsters would have an opportunity to make the team. Bowser asked for assistance in conducting the tryouts, and several members offered to help.

The tryouts were held on April 9, 1983. Bowser and four other members of the association conducted them. During batting practice, the batters positioned themselves behind home plate and approximately five feet from the backstop so as to eliminate the need for a catcher. Except for the pitcher, the batter and the "on-deck batter," the candidates for the team were scattered about the infield and outfield to field the balls hit by the batter. Most of the adults who were serving as coaches and evaluators were standing along the right side of the diamond, near the players' bench, in order to observe the batters and the fielders.

Bowser testified that he had not been the person who suggested that tryouts be performed in this manner, although he did not object to the procedure. He stated that his duties were to ensure that each player was evaluated. For this purpose, Bowser kept track of the roster and called players in from the field to bat. During most of the tryouts, he had been located behind the backstop. After about two hours, however, he moved to the vicinity of the players' bench, where the group of coaches and evaluators were standing. After standing in that area for a minute or so, Bowser turned toward the outfield to call in two more players. As he turned back toward the batter, he was struck in the eye by a batted ball.

At the completion of the plaintiffs' testimony on liability, the court granted the association's motion for a compulsory nonsuit on the grounds that (1) Bowser could not maintain a suit against the unincorporated association of which he was a participating member; (2) as a matter of law Bowser had assumed the risk of being struck by a batted ball; and (3) neither the association nor the additional defendant had violated a duty of care owed to Bowser.

In reviewing the propriety of a compulsory nonsuit, this Court will view the evidence in a light most favorable to the plaintiff[ ] and give [him] the benefit of every reasonable inference arising therefrom. *Francioni v. Gibsonia Truck Corp.*, 472 Pa. 362, 371, 372 A.2d 736, 740 (1977); *Barney v. Foradas*, 305 Pa.Super. 404, 407, 451 A.2d 710,

712 (1982); *Adams v. Euliano,* 299 Pa.Super. 348, 349–350, 445 A.2d 788, 789 (1982). A nonsuit can only be entered in a clear case. *Barney v. Foradas, supra; Adams v. Euliano, supra; Peair v. Home Association of Enola Legion No. 751,* 287 Pa.Super. 400, 403–404, 430 A.2d 665, 666–667 (1981).

*Brouse v. Hauck,* 330 Pa.Super. 58, 60, 478 A.2d 1348, 1350 (1984). On the facts presented in the instant case, however, we think it clear that Bowser was not entitled to recover against the association for his injuries. Therefore, we affirm the order of the trial court.

In *DeVillars v. Hessler,* 363 Pa. 498, 70 A.2d 333 (1950), the plaintiff had been a member and secretary of an unincorporated fraternal association which operated a concession for the sale of food at a county fair. The plaintiff, who was engaged in preparing and dispensing food, was injured when a propane gas steam table exploded while plaintiff was attempting to light the burners. The plaintiff commenced an action against the association, its officers and several of its members, but the trial court entered judgment on the pleadings for the defendants. On appeal, the Supreme Court reviewed the decided cases and concluded:

> The real question in the case therefore resolves itself into whether this action can be maintained against the association on the ground that the members who allegedly committed the tort were acting on its behalf and for its benefit. The weakness of plaintiffs' case, from the legal standpoint, arises from the fact that not only was the wife plaintiff an active participant in the general conduct of the concession at the fair but she voluntarily assumed a participating role in the operation of the steam table. Being thus cooperatively engaged with those who were allegedly guilty of negligence she became subject to the legal principle that where persons join in the prosecution of a common enterprise there is thereby created a mutual relationship of agency among them, with the result that the negligence of any of them is imputed to each and all of them. Since, therefore, the negligence of

which she complains is legally imputed to herself, she cannot recover from the association or from any of its members, other than, as already stated, the individuals who actually committed the tort which caused her injuries.

*Id.*, 363 Pa. at 500–501, 70 A.2d at 335 (emphasis in original).  See also: *Roschmann v. Sanborn*, 315 Pa. 188, 172 A. 657 (1934).

■ Bowser argues, however, that in the instant case the association had undertaken the task of running the tryouts for him and that he, in effect, had been a client or customer and, therefore, a business invitee at the time of the accident.  As such, he argues, the association had a duty to protect him from foreseeable harm.  We are unable to agree with appellant's analysis.  The record clearly discloses that Bowser was not a client, customer or invitee of the association.  Instead, he was one of the members of the association and was actively engaged in organizing and conducting tryouts for teenagers who wished to be a part of the association's baseball program.  Thus, he was one of the joint entrepreneurs who were in possession of the ballfield and actively engaged in conducting the very activity which caused his injury.  If the activity were conducted negligently by allowing the batter to hit from a spot in front of the backstop, as appellant contends, that negligence must also be imputed to him.  We agree with the trial court, therefore, that the action cannot be maintained.

■ There is an additional reason why Bowser cannot recover.  When he agreed to participate on the field during the baseball tryouts, he voluntarily exposed himself to the risks inherent in baseball.  One of the risks inherent in baseball is being hit by a batted ball.  See: *Jones v. Three Rivers Management Corp.*, 483 Pa. 75, 394 A.2d 546 (1978).  Having voluntarily exposed himself to the risk of being hit by a batted ball, Bowser cannot recover from the sponsor of the baseball event for injuries caused by this very risk.

■ Earlier decisions which reached this result relied upon the doctrine of voluntary assumption of the risk. These decisions held that by attending a baseball game, a plaintiff knowingly accepted and assumed the reasonable risks inherent in the game. See: *Iervolino v. Pittsburgh Athletic Co.*, 212 Pa.Super. 330, 243 A.2d 490 (1968); *Schentzel v. Philadelphia National League Club*, 173 Pa. Super. 179, 96 A.2d 181 (1953). More recently, the rationale adopted by the courts for this rule is that persons conducting the activity have no duty to warn or protect participants against risks which are common, frequent, expected and inherent in the activity itself. See: *Jones v. Three Rivers Management Corp., supra*, 483 Pa. at 85, 394 A.2d at 551. Thus, persons conducting an event are not negligent for failing to warn or protect a participant against risks which are inherent in the activity.

■ It is beyond cavil that those who position themselves on or near the field of play while a baseball event is in progress are charged with anticipating, as inherent to the sport of baseball, the risk of being struck by a batted ball. See: *Jones v. Three Rivers Management Corp., supra; Iervolino v. Pittsburgh Athletic Co., supra*, 212 Pa.Super. at 333–334, 243 A.2d at 492; *Schentzel v. Philadelphia National League Club, supra*, 173 Pa.Super. at 188–191, 96 A.2d at 186–187. Bowser argues, however, that baseball tryouts are different than a baseball game and that the risk of being struck by a batted ball is not inherent therein. We reject this argument. Hitting is an essential element of baseball; batting practice is as common as the game itself; and the risk of being struck by a batted ball is even greater than in a regulation game, for during batting practice more than one ball is frequently in use. These facts are matters of common knowledge. When appellant participated on the field during tryouts which involved batting practice, he was aware of and accepted the risk of being struck by a batted ball. There was no requirement that warnings be given or that special precautions be taken to protect him from batted balls. The rule was not altered in any way because there

was no catcher and the batter was standing behind home plate and immediately in front of a stationary backstop.

Order affirmed.