545 A.2d 947

**Peter Joseph JOHNSON, a Minor, by his Parents and Natural Guardians, Peter Joseph JOHNSON III and Jeanette Johnson, and Peter Joseph Johnson III and Jeannette Johnson, in their own Right, Appellants,**

**v.**

**Robert WALKER and Josephine Walker d/b/a Josephine's Steak & Hoagie Shop and David Master, a Minor by his Parents and Natural Guardians, Robert Master and Katherine Master and Michael Franz.**

Superior Court of Pennsylvania.

Argued June 30, 1988.

Filed Aug. 8, 1988.

Mary Ann Abella, Philadelphia, for appellants.

D. Jackson Loughhead, Philadelphia, for appellees.

Before TAMILIA, KELLY and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from the trial court Order granting summary judgment to all appellees/defendants. The facts are not in dispute. On June 26, 1980, at about 9:45 p.m.,

appellant Johnson and appellee Franz were engaged in a one-on-one game of stickball at the intersection of 65th and Theodore Streets in Philadelphia. After two innings of play, appellee Master asked Johnson if he could take a turn at bat, whereupon Johnson handed the broomstick/bat to Master and proceeded to walk over to a car parked approximately ten feet away from Master. A few minutes later, Johnson saw Master swing at the ball, hitting it in his direction on a foul tip. Before he could react, the ball struck Johnson in his right eye, ultimately causing him to lose sight in the eye.

Johnson and his parents initiated the instant cause of action against Franz, Master and his parents, and Robert and Josephine Walker d/b/a Josephine's Steak and Hoagie Shop which is accessed by the sidewalk on which the boys were playing. Franz filed a motion for summary judgment and the other defendants joined in this motion. The trial court granted the motion and this appeal followed.

Appellants raise three issues for our review: 1) whether the trial court erred in relying on *Bowser v. Hershey Baseball Association,* 357 Pa.Super. 435, 516 A.2d 61 (1986); 2) whether the trial court erred in not allowing the question of minor appellant's assumption of the risk go to the jury; and 3) whether the trial court viewed the evidence in a light most favorable to appellants.

The trial court relied on this Court's holding in *Bowser, supra,* to find minor appellant had voluntarily assumed the risks inherent in playing the game of stickball. However, we stated in *Bowser* that even though the doctrine of voluntary assumption of the risk is applicable to situations such as ours, the doctrine of negligence with its basic elements is equally applicable. A party must show the following to sustain a cause of action founded upon negligence:

1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

2. A failure on his part to conform to the standard required.

3. A reasonably close causal connection between the conduct and the resulting injury....

4. Actual loss or damage resulting to the interests of another.

Prosser, Law of Torts, § 30 at 143 (4th ed. 1971). *Casey v. Geiger,* 346 Pa.Super. 279, 289–290, 499 A.2d 606, 612 (1985), quoting *Macina v. McAdams,* 280 Pa.Super. 115, 120, 421 A.2d 432, 434 (1980). Thus, unless there has been a breach of a duty by the actor, negligence cannot be the basis for a cause of action against the actor. Even though our Supreme Court has not made a unified decision on the status of the assumption of the risk doctrine in Pennsylvania [1], the Court in *Carrender v. Fitterer,* 503 Pa. 178, 189 n. 6, 469 A.2d 120, 125 n. 6 (1983) has stated, "[A] holding that a risk has been assumed is in many cases tantàmount to a determination that, as a matter of law, the defendant owed the plaintiff no duty." Therefore, unless the record reveals a duty owed by appellees to appellants, the foundation of a negligence claim is absent, thus, appellants have no basis for recovery. We find nothing on the record which evidences, even remotely, a cause of action against appellees for negligence. The deposition testimony reveals the boys were playing ball in a normal fashion, according to the rules as they knew them with no one acting in a dangerous or unreasonable manner and no horseplay was involved. Obviously, foul balls do occur and unfortunately this one hit appellant in the eye. As tragic as it may be, accidents happen everyday in which people get hurt and often no one is at fault. Appellants would have us find that in any situation where someone is hurt by the inadvertent and unintentional act of another, the actor should be liable. We

1. In *Rutter v. Northeastern Beaver County School District,* 496 Pa. 590, 596, 437 A.2d 1198, 1201 (1981), Justice Flaherty, joined by two justices, stated, "[E]xcept where specifically preserved by statute; or in cases of express assumption of the risk, or cases brought under 402A, (a strict liability theory), the doctrine of assumption of risk is abolished."

refuse to hold to such an extreme result. If we were to allow appellant to go to trial on this case, we would effectively be prohibiting children from playing or associating with each other. Considering the frequency with which children get hurt playing, what parent would allow their child out of the house? Not only do we find the boys playing ball were not negligent but we reject appellants' contention in their complaint that the parents were guilty of negligent supervision.[2]

 If an injury inflicted by a child is the natural and probable result of the parents' negligence, the parents have breached a duty owed to the injured child and his parents. *See Condel v. Savo,* 350 Pa. 350, 39 A.2d 51 (1944). Since the boys were playing in a normal, reasonable manner we fail to see how the parents were negligent. We cannot conceive of a situation where any parent could prevent their child from hitting a foul ball during a game of stickball. Even if appellees (Masters) were supervising every play made during the game, they could not possibly have foreseen or prevented minor appellant's injury.

We have found no case in which a plaintiff was allowed to recover for injuries sustained in the normal course of recreational activities where the actor was not acting in a negligent, reckless or malicious manner. Apparently our courts have always recognized that accidents do happen regardless of how cautious one may be.

 In light of the previous discussion, we find the trial court was correct in granting summary judgment to all appellees.[3] "Summary judgment is proper where facts are undisputed and only one conclusion may reasonably be drawn from them" *Askew by Askew v. Zeller,* 361 Pa.Super. 35, 42, 521 A.2d 459, 463 (1987). We have no doubt there is only one reasonable conclusion from the facts.

2. Appellee Franz's parents are not involved in this lawsuit as he was 18 years old at the time.

3. Without a finding of negligence on the part of the appellee boys, appellees Robert and Josephine Walker cannot be held liable. We make no determination as to the liability of the Walkers if the boys had been negligent.

Although the question of negligence is usually one for the jury, where the facts leave no room for doubt, the judge may properly dispose of the issue without a jury. *East Texas Motor Freight, Diamond v. Lloyd,* 335 Pa.Super. 464, 484 A.2d 797 (1984).

Order of summary judgment affirmed.