WETTICK, J.,
The issue in this case involves the standard of care that tort law will impose in a personal injury action brought against a participant in a sporting event.
*194 In this case, plaintiff was injured while participating in a deck hockey game when defendant struck plaintiff in the face with his hockey stick after plaintiff inadvertently collided with defendant. In count one of his original complaint, plaintiff raised an assault and battery claim through allegations that defendant deliberately and intentionally struck plaintiff with the purpose of inflicting injury and harm. In count two of his original complaint, plaintiff raised a negligence claim through allegations that his injuries resulted from defendant’s failure to exercise reasonable care and control under the existing circumstances.
Defendant filed preliminary objections in the nature of a demurrer to count two. I sustained these preliminary objections on the basis of Pennsylvania appellate court case law holding that a participant assumes the reasonable risks inherent in the game. Bowser v. Hershey Baseball Assoc., 357 Pa. Super. 435, 516 A.2d 61 (1986); Johnson by Johnson v. Walker, 376 Pa. Super. 302, 545 A.2d 947 (1988). I was also aware that the case law in other jurisdictions almost consistently bars recovery for breach of a duty of reasonable care against participants in contact sports either on the ground that participants do not owe a duty of reasonable care to other participants or that participants have consented, by their participation, to injury-causing events arising out of the failure to exercise reasonable care. See J. Riffer, Sports and Recreational Injuries, §2.01 (Pocket Part 1989); Turcotte v. Fell, 502 N.E.2d 964 (N.Y. 1986), and cases cited therein.
Plaintiff filed an amended complaint which raised a second count based on allegations that plaintiff’s injuries resulted from conduct which constituted a reckless disregard for plaintiff’s safety. Defendant has filed preliminary objections in the nature of a *195 demurrer to this amended count that are the subject of this opinion and order of court.[1]
Most other jurisdictions that have considered personal injury claims arising out of participation in a contact sport have held that a player — while owing no duty of reasonable care — is required to refrain from conduct which constitutes a reckless disregard for the safety of the other players. Such reckless disregard arises when the act created a strong likelihood that harm would ensue, the player intended to commit the act, and the act was outside the rules and customs of the game.[2] This standard was first adopted in 1975 in Nabozny v. Barnhill, 334 N.E.2d 258 (Ill. App. Ct. 1975). Cases that have subsequently applied this standard include Hackbart v. Cincinnati Bengals Inc., 601 F.2d 516 (10th Cir. 1979), cert. den. 444 U.S. 931 (1979); Novak v. Lamar Ins. Co., 488 So.2d 739 (La. Ct. App. 1986); Bourque v. Duplechin, 331 So.2d 40 (La. Ct. App. 1976); Gauvin v. Clark, 537 N.E.2d 94 (Mass. 1989); and Ross v. Clouser, 637 S.W.2d 11 (Mo. 1982). But *196 see, Hanson v. Kynast, 526 N.E.2d 327 (Ohio Ct. App. 1987), in which the court held that a cause of action exists only for an intentionally inflicted injury not arising out of the ongoing conduct of the sport.
Most of the cases applying the reckless disregard standard permit recovery on the basis of the breach of a duty to refrain from conduct constituting a reckless disregard for the safety of others that a player owes to other players in the event.
“Fear of civil liability stemming from negligent acts occurring in an athletic event could curtail the proper fervor with which the game should be played and discourage individual participation, yet it must be recognized that reasonable controls should exist to protect the players and the game. Balancing these seemingly opposite interests, we conclude that a player’s reckless disregard for the safety of his fellow participants cannot be tolerated. If a plaintiff pleads and proves such recklessness, he may seek relief for injuries incurred in an athletic competition.” Ross v. Clouser, supra, 637 S.W.2d at 14.
Other courts justify the use of this standard through an assumption of the risk analysis:
“Duplechin was under a duty to play softball in the ordinary fashion without unsportsmanlike conduct or wanton injury to his fellow players. This duty was breached by Duplechin, whose behavior was, according to the evidence, substandard and negligent. Bourque assumed the risk of being hit by a bat or a ball. . . . Bourque may also have assumed the risk of an injury resulting from standing in the base path and being spiked by someone sliding into second base, a common incident of softball and baseball. However, Bourque did not assume the risk of Duplechin going out of his way to run into him at full speed when Bourque was five feet away from the base. A participant in a game or sport assumes *197 all of the risks incident to that particular activity which are obvious and foreseeable. A participant does not assume the risk of injury from fellow players acting in an unexpected or unsportsmanlike way with a reckless lack of concern for others participating.” Bourque v. Duplechin, supra, 331 So.2d at 42.
Pennsylvania appellate courts have not addressed the standard of care that will govern personal injury actions against a player in a contact sport. Defendant, however, contends that the Pennsylvania case law has foreclosed the use of a reckless disregard standard of care because of statements in opinions that there are no degrees of negligence in Pennsylvania law. This contention is without merit for at least two reasons.
First, reckless misconduct is not a degree of negligence. Comment (g) of section 500 of the Restatement (Second) of Torts does not refer to reckless misconduct as a different degree of negligence but, instead, as a different type of misconduct. “The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind.” Thus, statements that there are no degrees of negligence in Pennsylvania does not mean that Pennsylvania does not distinguish between negligence and reckless misconduct. In fact Pennsylvania law makes a clear distinction between negligence and reckless disregard for the safety of others. In Krivijanski v. Union Railroad Company, 357 Pa. Super. 196, 515 A.2d 933 (1986), the court concluded that the Comparative Negligence Law does not apply where the defendant’s conduct constitutes a reckless disregard for the safety of others as defined by the Restatement (Second) of Torts §500 because *198 of “the longstanding distinction Pennsylvania courts have made between willful or wanton conduct and negligent conduct.” Also see, Stubbs v. Frazer, 308 Pa. Super. 257, 454 A.2d 119 (1982) (“Wanton conduct Ms something different from negligence however gross — different not merely in degree but in kind, and evincing a different state of mind on the part of the tort-feasor. . . .’ ”); and Fugagli v. Camasi, 426 Pa. 1, 229 A.2d 735 (1967) (plaintiffs contributory negligence does not prevent recovery from injuries caused by conduct of defendant constituting a reckless disregard for plaintiff’s peril.)
Second, this court rejected count two of plaintiff’s initial complaint because we concluded that Pennsylvania law did not permit recovery based on the breach of a duty of reasonable care. In his amended count two, plaintiff is not basing his claim on a higher degree of negligence — his claim rests on the breach of a lesser duty of care.
This distinction — while arguably only a difference in semantics — is significant. Pennsylvania law does not recognize different degrees of negligence because it favors an analysis that considers the standard of care rather than the degree of negligence. While this is simply a different way of addressing the issue, this is what is meant by the statement that there are no degrees of negligence in Pennsylvania. This is clearly expressed in an opinion of Mr. Justice Flaherty in Ferrick Excavating v. Senger Trucking Co., 506 Pa. 181, 484 A.2d 744 (1984), upholding the use of different standards of care for different types of bailments. This opinion explained that Pennsylvania law does not recognize degrees of negligence because tort law is concerned with the standard of care that governs a claim — not the seriousness of the negligence. This opinion cited with approval the discussion by the Harper and James treatise on torts (II, The Law of Torts (1956 *199 ed.)) addressing the use of different standards of care.[3] We believe that Pennsylvania law should follow the case law of other jurisdictions that almost uniformly allows recovery against a participant in a contact sport whose conduct constitutes a reckless disregard for the safety of the plaintiff. We are persuaded by the argument that this standard of care imposes appropriate controls to protect the participants without compromising the integrity of the contest.
This result is entirely consistent with the Pennsylvania appellate court cases that have considered the claims of participants injured in athletic events. The plaintiff’s claims have been dismissed either because the plaintiff has failed to describe conduct that would constitute a breach of a duty of reasonable care (Johnson by Johnson v. Walker, supra) or because the injury resulted from a voluntary exposure to a reasonable risk inherent in the event (Bowser v. Hershey Baseball Association, supra). Also see, Jones v. Three Rivers Management Corp., 483 Pa. 75, 394 A.2d 546 (1978); Iervolino v. Pittsburgh Athletic Co., 212 Pa. Super. 330, 243 A.2d 490 (1968); and Taylor v. Churchill Valley Country Club, 425 Pa. 266, 228 A.2d 768 (1967). These opinions have consistently emphasized that the injuries resulted from reasonable risks inherent in the game.
If our appellate courts continue to use the assumption of the risk analysis for claims for injuries *200 caused by participants in athletic events, defendant’s preliminary objections in the nature of a demurrer to plaintiff’s amended count two cannot be sustained unless the appellate courts rule that as a matter of law in every case the participant injured in the athletic event assumed all risks arising from conduct that constitutes a reckless disregard for the safety of other players. We are aware of no case law which suggests that our appellate courts will conclusively presume that every participant in every instance has assumed such risks.
ORDER OF COURT
On this July 17, 1990, it is hereby ordered that defendant’s preliminary objections are overruled. This matter shall be heard by a board of arbitration on October 5, 1990 at 9:00 a.m.

. The question of whether the law will recognize a sports injury claim against another participant for conduct that does not constitute an assault and battery may raise issues of insurance coverage. Many homeowners’ policies include exclusions for intentional misconduct. The language of these exclusions may not reach reckless misconduct. See, e.g., United Services Automobile Assoc, v. Elitzky, 358 Pa. Super. 362, 517 A.2d 982 (1986).

. Comment (f) to the Restatement (Second) of Torts §500 discusses the difference between reckless conduct and an intentional wrongdoing. While both require that the actor intended to engage in the conduct that caused the injury, the reckless actor did not intend to cause the harm that resulted.
■ Comment (g) to the Restatement (Second) of Torts §500 discusses the difference between reckless conduct and negligent behavior. The reckless actor should have recognized the strong likelihood that the harm would result while the negligent actor only created a possibility that harm would ensue.

. Defendant’s contention that there is no precedent in Pennsylvania tort law for distinguishing between negligent conduct and conduct constituting a reckless disregard for the safety of others also overlooks established Pennsylvania tort law governing the duty that a landowner owes to a trespasser to refrain from willful or wanton misconduct. See Antonace v. Ferri Contracting Co. Inc., 320 Pa. Super. 519, 467 A.2d 833 (1983), and cases cited therein.