## Horanic v. Johnson

Terrence J. McFowan, for plaintiff.
Brigid Q. Alford, for defendants Alan and June Johnson.

DOWLING, J., April 15, 1991—While children are generally accounted a blessing, their status, like everything else, has been affected by the fundamental changes in lifestyle which have occurred in the latter half of the 20th century. This is a far cry from the days of rural America where offspring, in addition to advancing one's appreciation of life, were real material assets. Parental control has evolved from a practical dictatorship to a constitutional democracy with an ever-expanding bill of rights for the minors. With this decrease in the right to control

must come a corresponding lack of responsibility. And this the law has long recognized.

The case at hand stems from a two-car automobile accident where plaintiff was the operator of one of the vehicles; defendant Jill Alane Johnson, 17 years of age, driver of the other; and defendants Alan and June Johnson, parents of Jill, owners of the vehicle she was driving.

The negligence of the daughter is defined in paragraph 6 of the complaint as follows:

"(6) The aforesaid collision was due to the negligence and carelessness of Miss Johnson in that:

"(a) She operated her vehicle while under the influence of alcoholic beverages;

"(b) She operated her vehicle at an excessive rate of speed;

"(c) She operated her vehicle in violation of the conditions on her driver's license pertaining to driving after midnight;

"(d) She failed to stop her vehicle prior to the intersection with Forster Street as per the traffic signal which was red for traffic on Front Street;

"(e) She failed to have her vehicle under proper control; and

"(f) Such other and further particulars as will be demonstrated at the time of trial."*

The only allegation involving the parents/defendants is found in paragraph 7:

"(7) The aforesaid collision was also due to the negligence and carelessness of Mr. and Mrs. Johnson in that:

"(a) They failed to supervise their daughter properly as relates to matters including but not limited to the items listed in paragraph 6 hereinabove."

Plaintiff states no other cause of action in tort against defendants Alan F. Johnson and June John-

---

\* Clearly an improper averment, but not objected to.

son beyond their alleged failure to supervise their daughter properly, and not surprisingly has drawn a motion for judgment on the pleadings.

Failure to state a claim upon which relief can be granted is a permissible basis for awarding a judgment on the pleadings. *Enoch v. Food Fair Stores Inc.,* 232 Pa. Super. 1, 331 A.2d 912 (1974). In passing on a motion for judgment on the pleadings, the court may consider only the pleadings themselves and any documents properly attached to them. *Nevling v. Natoli,* 290 Pa. Super. 174, 434 A.2d 187 (1981).

Nowhere has plaintiff alleged that either Mr. or Mrs. Johnson *knew or had reason to know* of their 17-year-old daughter's alleged use of alcoholic beverages, of her alleged operation of their motor vehicle under the influence of alcohol, or of her alleged operation of their motor vehicle in violation of her license restrictions. There is no allegation that Jill was the agent or employee of her parents at the time of the accident. Finally, it is not even asserted that the Johnsons were negligent in entrusting their car to their daughter on the night of the accident.

The Restatement (Second) of Torts §316 provides:

"§316. *Duty of Parent to Control Conduct of Child*

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

"(a) knows or has reason to know that he has the ability to control his child, and

"(b) knows or should know of the necessity and opportunity for exercising such control."

In a recent Superior Court case, *Johnson by Johnson v. Walker,* 376 Pa. Super. 302, 545 A.2d 947

(1988), the court backhandedly spoke to this situation by holding that if an injury inflicted by a child is the natural and probable result of the *parents' negligence,* the parents have breached the duty owed to the injured party. This clearly implies that in the absence of the parents' negligence, there is no breach of duty. While there seems to be a dearth of appellate decisions directly on point, we do have *Piquet v. Wazelle,* 288 Pa. 463, 467 (1927), which, though a case from the Model T days, does make a relevant pronouncement:

"If the car, though acquired for the benefit of the family, is not operated at the time of the accident on behalf of the owner and in furtherance of his business, or that of the family, even though it was permissively used, no liability follows, for it cannot be said that the driver was his servant or agent. This is expressly declared in *Markle v. Perot,* 273 Pa. 4; *Calmann v. Sperry,* 276 Pa. 273. See also, *Scheell v. Shaw,* 60 Pa. Super. 73, *affirmed,* 252 Pa. 451 . . . Though the operator is a minor member of the family, yet when engaged on his individual concerns, there can be no recovery: *Kunkle v. Thompson,* 67 Pa. Super. 37."

A number of lower court decisions have addressed the matter and have arrived uniformly at the conclusion that no liability attaches from the mere family relationship.

*Olszanowski v. Chase,* 40 D.&C. 3d 258 (1985), was factually similar in that it was alleged that the defendant's minor daughter was intoxicated and operated the family vehicle in a negligent manner. In granting summary judgment for the parent, the court stated:

"In order to make parents liable for an injury caused by their child, the injury must be the natural and probable consequence of the parents' negligent

act, that is a consequence which, under the surrounding circumstances, might and ought reasonably to have been foreseen as likely to flow from such negligent act. Mere knowledge by the parent of the child's mischievous and reckless disposition is not enough to make them liable for the torts of the child; their liability arises from their failure to exercise the control which they have over their child when they know, or in the exercise of due care should know, that an injury to another is a natural and probable consequence, since such failure to act in restraining the child amounts to an approval and sanction of, or assent to, his acts by the parent.'' Pennsylvania Law Encyclopedia, volume 28, *Parent and Child*, §16, page 236. See also, *Latorre v. Stoll*, 35 D.&C. 3d 430 (1983), and *Lapp v. Galley*, 27 D.&C. 3d 665 (1982).

There is an interesting case from the days when running boards and rumble seats were in vogue. Though not cited by any of the parties, *Laubach v. Colney*, 283 Pa. 366 (1925), concerned a situation where a parent permitted the child, who was under 16 and therefore not licensed, to operate a car. The court found this to be negligence and permitted recovery.

Let us conclude by quoting an old proverb:

*Small children disturb your sleep;*

*Big children your life.*

Accordingly, we enter the following

## ORDER

And now, April 15, 1991, the motion for summary judgment on the pleadings of defendants Alan F. Johnson and June Johnson is granted.