852 A.2d 1206 (2004)
Mark and Elizabeth WISNISKI T/D/B/A Saturn Surplus, Appellants
v.
BROWN & BROWN INS. CO. OF PA, Donald Blood and Will Rineer, EMC Ins. Co. and Scott W. Ahlstrom, Appellees.
Mark and Elizabeth Wisniski T/D/B/A Saturn Surplus, Appellees
v.
Brown & Brown Ins. Co. of Pa, Donald Blood and Will Rineer, EMC Ins. Co. and Scott W. Ahlstrom, Appellants
Appeal of: EMC Insurance Companies, and Scott W. Ahlstrom
Superior Court of Pennsylvania.
Argued February 10, 2004.
Filed June 7, 2004.
*1208 Timothy Nieman, Harrisburg, for Wisniski.
Michele J. Thorp, Harrisburg and Lori Miller, Blue Bell, for Brown & Brown, Blood and Rineer.
Before: LALLY-GREEN, GANTMAN, and CAVANAUGH, JJ.
*1207 LALLY-GREEN, J.:
¶ 1 Plaintiffs/Appellants, Mark and Elizabeth Wisniski, t/d/b/a Saturn Surplus ("Saturn Surplus"), appeal from the trial court's order dated April 18, 2003, granting summary judgment to Defendants/Appellees, Brown & Brown Insurance Co. of Pa. Inc., Donald Blood and Will Rineer (collectively, "the Brown Agency"). Defendants/Appellees, EMC Insurance Companies and Scott W. Ahlstrom, (collectively, "EMC") appeal a different part of the same order, denying their motion for summary judgment. With respect to Saturn Surplus's appeal, we reverse and remand. We quash EMC's appeal.
¶ 2 The trial court summarized the factual and procedural background of the case as follows:
Presently before this court are two Motions for Summary Judgment filed by Defendants Brown & Brown Insurance Co. of PA, Inc., Donald Blood and Will Rineer, collectively the "Brown Agency," and Defendants EMC Insurance Companies and Scott W. Ahlstrom, collectively "EMC." For the reasons set forth below, Defendant Brown Agency's Motion for Summary Judgment is granted and Defendant EMC's Motion for Summary Judgment is denied.
The origin of this case dates back to an incident that occurred on September 7, 1999, wherein the plaintiffs' business property, Saturn Surplus, a military surplus supply store, was flooded. In the Complaint filed June 1, 2000, plaintiffs allege that they contacted the Brown Agency in 1994 through its agents, Donald Blood, an account executive and Will Rineer, a customer service representative, to obtain commercial business insurance for their recently purchased property located at 3284 Route 147, Millersburg, Dauphin County. The parties allegedly had a pre-existing relationship dating back to 1991 and plaintiffs contend that they informed Defendants Blood and Rineer that they wanted complete coverage for this new property. Plaintiffs claim that Defendants Blood and Rineer requested information about the building, and recommended commercial property and liability coverage, but did not inspect the property before selling the policy to plaintiffs. Thereafter, in September 1994, plaintiffs purchased a commercial insurance policy from the Brown Agency, which was placed with Defendant EMC.

*1209 Plaintiffs claim that the defendants did not inform them that their insurance plan contained an exclusion for property damage caused by a flood nor that flood insurance was available for an additional premium. From 1994 through 1998, plaintiffs renewed the commercial insurance policy. Sometime during 1995, Defendant EMC directed its employee, Scott Ahlstrom, to inspect plaintiffs' property to perform a risk analysis with respect to the insurance coverage. Plaintiffs claim that during the inspection Ahlstrom identified various risks and made recommendations to plaintiffs to minimize those risks. Additionally, Ahlstrom observed that the property was located directly across the highway from the Susquehanna River and that a stream traversed plaintiffs' property underneath [sic] the building located on the property; however, Ahlstrom did not make a recommendation to plaintiffs that they obtain flood insurance coverage.
On September 7, 1999, plaintiffs allegedly suffered damages exceeding $375,000.00 to the building and its contents when the stream traversing their property overflowed its banks and flooded plaintiffs' building. Plaintiffs notified Defendant Brown Agency of the loss, but were informed that there was no coverage for flood damage. Plaintiffs commenced the instant suit asserting that defendants breached a duty to "exercise the skill and knowledge normally possessed by members of the insurance profession in good standing in similar communities." See Restatement (Second) [of Torts] 2d § 299A. Essentially, plaintiffs contend that all of the named defendants breached their duty by allegedly failing to investigate the plaintiffs' insurance coverage needs, inspect the plaintiffs' property, inform the plaintiffs that flood insurance was not included in the policy, and recommend that the plaintiffs purchase flood insurance.
Trial Court Opinion, 4/18/2003, at 1-3.
¶ 3 As noted above, the Brown Agency and EMC filed motions for summary judgment. Saturn Surplus filed responses to these motions. Saturn Surplus presented evidence from the defendants themselves and from an insurance professional that the defendants' conduct fell below the applicable standard of care. On April 18, 2003, the trial court granted the Brown Agency's motion, but denied EMC's motion. These appeals followed.
¶ 4 First, we must determine whether this Court has jurisdiction over these appeals. Ty-Button Tie, Inc. v. Kincel & Co., 814 A.2d 685, 689 (Pa.Super.2002) (this Court may raise issues of jurisdiction sua sponte) appeal denied, 845 A.2d 819(Pa.2004). We will begin with Saturn Surplus's appeal.
¶ 5 An order which grants summary judgment to one party, but not all parties, is appealable so long as the trial court certifies the order as final under Pa.R.A.P. 341(b) and (c). See, Pullman Power Prods. of Can. v. Basic Eng'rs, 713 A.2d 1169, 1173 (Pa.Super.1998). Rule 341(c) allows an appeal from such an order "only upon an express determination that an immediate appeal would facilitate resolution of the entire case." The party obtaining certification may file an appeal within 30 days of the certification. Pa. R.A.P. 341(c)(2).
¶ 6 The record reflects that on May 16, 2003, the trial court certified as final that part of the April 18, 2003 order which granted summary judgment to the Brown Agency. Saturn Surplus took a timely appeal from the April 18, 2003 order, as certified.
¶ 7 This Court may review the merits of the trial court's certification decision, *1210 even if the parties do not challenge that decision. F.D.P. ex rel. S.M.P. v. Ferrara, 804 A.2d 1221, 1227 n. 6 (Pa.Super.2002). Factors to consider include: (1) whether there is a significant relationship between adjudicated and unadjudicated claims; (2) whether there is a possibility that an appeal would be mooted by further developments; (3) whether there is a possibility that resolution of legal issues by this Court will aid the trial court in resolving the same issue in this case or in other cases; and (4) whether an immediate appeal will enhance the prospects for settlement. Id.
¶ 8 Here, there is a significant relationship between adjudicated and unadjudicated claims. Both sets of claims involve the same facts, and arise from an intertwined relationship with the insured, the agency, and the insurer. Next, resolution of certain issues at this time will aid the trial court in this case and in related future cases. Finally, by determining which claims will survive summary judgment and which will not, an opinion at this time will facilitate settlement.[1] For these reasons, we agree with the trial court's certification decision. See, id. Saturn Surplus's appeal is properly before this Court.
¶ 9 We now decide whether EMC's appeal is properly before this Court. An order which denies a motion for summary judgment, and thus allows the case to proceed to trial, is interlocutory and unappealable. See, Kuhn v. Chambersburg Hosp., 739 A.2d 198, 199 (Pa.Super.1999) (per curiam).
¶ 10 As noted above, the court denied EMC's motion for summary judgment, thus allowing Saturn Surplus's claim to go to trial. The trial court did not certify this portion of its order as a final order under Pa.R.A.P. 341. Rather, the court only certified that part of the order which granted summary judgment to the Brown Agency. Docket Entry 35. EMC purported to appeal from this certified order. We conclude that EMC may not do so, for the obvious reason that the certified portion of the order did not apply to EMC.
¶ 11 Perhaps recognizing this fact, EMC also sought permission to appeal. This is the appropriate procedure. Pa. R.A.P. 1311; 42 Pa.C.S.A. § 702(b). Specifically, EMC filed an application to amend the April 18, 2003 order to include a statement that the portion of the order denying summary judgment "involved a controlling question of law as to which there is a substantial ground for difference of opinion and immediate appeal from the order may materially advance the ultimate termination of the matter." Docket Entry 37 at 6.[2]
¶ 12 Under Pa.R.A.P. 1311, such an application shall be filed within 30 days of *1211 the interlocutory order. In other words, EMC's deadline for filing an application expired on or about May 18, 2003. EMC's petition appears in the certified record and on the docket sheet, but it is not date-stamped. EMC asserts that it mailed the application on or about May 16, 2003. We will assume arguendo that the application was timely filed.
¶ 13 In any event, the trial court did not rule on this application within 30 days. Under Pa.R.A.P. 1311, when the trial court fails to rule on such an application within 30 days of filing, it is deemed denied. On July 17, 2003, EMC Insurance filed a petition for review of the trial court's "deemed denial" of the application. This Court denied the petition for review on August 29, 2003.
¶ 14 To summarize, EMC purported to appeal from the April 18, 2003 summary judgment order, certified as final on May 16, 2003. Yet that certified order did not apply to EMC, because the certified portion related to Saturn Surplus's appeal, not to EMC's appeal. Moreover, EMC failed to obtain permission to appeal the interlocutory portion of the order which does pertain to EMC. In short, we see no valid jurisdictional basis for EMC's appeal.[3] As such, we are constrained to quash EMC's appeal. We express no opinion on the merits of EMC's claims.
¶ 15 We will now turn to the merits of Saturn Surplus's appeal.[4] Saturn Surplus raises the following issues on appeal:
1. Whether the lower court erred by finding as a matter of law that an insurance agent's failure to visit and inspect a commercial property prior to issuing insurance on the property does not constitute a breach of an insurance agent's duties to an insured.
2. Whether, in cases involving insurance transactions, Pennsylvania courts now focus on the true relationship between the parties, recognizing the unequal knowledge the insured possesses regarding the insurance contract, and that the insured lacks the bargaining power in this transaction.
Saturn Surplus's Brief at 5.
¶ 16 Saturn Surplus argues that the trial court erred by granting summary judgment to the Brown Agency. Specifically, Saturn Surplus argues that the Brown Agency breached its duty of care by failing to conduct a physical inspection of the premises before advising Saturn Surplus about the type(s) of coverage that Saturn Surplus should obtain. As a corollary, Saturn Surplus suggests that a reasonable inspection would have revealed the need for flood insurance.
¶ 17 Our scope and standard of review are as follows:
As with all questions of law, our scope of review of a trial court's order granting summary judgment is plenary. Our standard of review is the same as that of the trial court; we must review the record in the light most favorable to the non-moving party granting her the benefit of all reasonable inferences and resolving all doubts in her favor. We will reverse the court's order only where the appellant [...] demonstrates that the court abused its discretion or committed legal error.
*1212 Lewis v. Phila. Newspapers, Inc., 833 A.2d 185, 190 (Pa.Super.2003), appeal denied, 844 A.2d 553 (Pa.2/24/2004).
¶ 18 Summary judgment is appropriate under the following circumstances.
Pennsylvania Rule of Civil Procedure 1035.2 provides that any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to the jury.
In addition, we are mindful that in considering a motion for summary judgment the court must examine the record in the light most favorable to the non-moving party; that the court's function is not to decide issues of fact but merely to determine whether any such issues exist; and that all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party.
Ward v. Rice, 828 A.2d 1118, 1119-1120 (Pa.Super.2003), appeal granted, 575 Pa. 704, 837 A.2d 1178 (2003), quoting, Taylor v. Tukanowicz, 290 Pa.Super. 581, 435 A.2d 181, 183-84 (1981).
¶ 19 Saturn Surplus raises a negligence claim against the Brown Agency.[5] "It is axiomatic that in order to maintain a negligence action, the plaintiff must show that the defendant had a duty to conform to a certain standard of conduct; that the defendant breached that duty; that such breach caused the injury in question; and actual loss or damage." Phillips v. Cricket Lighters, 576 Pa. 644, 841 A.2d 1000, 1008 (2003) (citation omitted). We will address each element in turn.
¶ 20 The existence of a duty is a question of law. Sharpe v. St. Luke's Hosp., 573 Pa. 90, 821 A.2d 1215, 1219 (2003). This Court recently set forth an insurance agent's duty of care as follows. "As a licensed insurance agent, [the insurance agency] was required to exercise the skill and knowledge normally possessed by members of that profession and [its] failure to do so rendered [it] liable for any loss of coverage."[6]Pressley v. Travelers Prop. Cas. Corp., 817 A.2d 1131, 1138 (Pa.Super.2003), citing, Restatement (2d) of Torts § 299A.
¶ 21 Next, we examine whether a material issue of fact exists as to whether the Brown Agency breached that duty of care by failing to exercise the skill and knowledge normally possessed by members of that profession. In doing so, we bear in mind two principles. First, the question of whether a defendant has breached the duty of care is generally an issue for the jury. Sharpe.[7] Second, we must construe all facts and inferences in favor of Saturn Surplus, as the non-moving party. Ward.
¶ 22 The record reflects that Saturn Surplus has presented sufficient facts from *1213 which a jury could reasonably conclude that the Brown Agency breached its duty of care. When construing the facts in the light most favorable to Saturn Surplus, a jury could find that: (1) the Brown Agency did not inspect the premises before recommending an insurance package; and (2) the Brown Agency did not recommend or offer flood insurance to Saturn Surplus.
¶ 23 Next, the record reflects that Saturn Surplus presented the expert report of Allen B. Chubb, Jr. According to this report, the standard of care for insurance agents includes a physical inspection of the premises before submitting an account to an insurance carrier. Chubb Report at 1. Further excerpts from Mr. Chubb's report include the following:
Both EMC and Brown & Brown should not allow an attitude or mindset to exist that the visitation of a given account is unnecessary or optional. This is a very dangerous mindset that could lead to disaster for both the agency and carrier, as well as greatly enhancing the possibilities for an uncovered loss[.]
Brown & Brown and Mr. Blood cannot depend upon EMC's loss control department to make corrections to inaccurate coverage selections. Assuming that Mr. Blood is the "Producer of Record" on this account, which affords him remunerations for the handling of this account, it is unconscionable of Mr. Blood to pass responsibility for errors in coverage selection and recommendations to internal administrative personnel of Brown & Brown or EMC's loss control representatives. Brown & Brown and Mr. Blood should also not abdicate their responsibilities to determine the proper Insurance-to-Value (ITV) on the insured's building to EMC's loss control representative. In order for a proper ITV survey to be completed, Mr. Blood must visit the insured's site. Had Mr. Blood visited and surveyed the site, it would have been very apparent that there was a very real exposure and need for flood insurance on Mr. Wisniski's account. Given the building's location over an active and year round flowing stream, it is irresponsible of Mr. Blood to ignore a visitation to the account, which of course led to a devastating uncovered loss for the Wisniski's [sic].
...
It is my professional opinion that both Brown & Brown and Donald Blood are grossly negligent in their failure to recommend flood coverage to the insured, which of course subsequently resulted in a major loss for the Wisniski's [sic] and Saturn Surplus. Brown & Brown and in particular, Donald Blood failed in their "Due Diligence" to both inspect the site and make recommendations for proper coverage beyond those ultimately purchased.
Id. at 2. The facts of this case, combined with Mr. Chubb's expert report, create a genuine issue of fact as to whether the Brown Agency breached its duty of care to Saturn Surplus.[8]
¶ 24 We do not declare, as a matter of law, that insurance agents always have a duty to inspect the businesses on which they offer coverage. The duty of an insurance agent under § 299A necessarily depends on the facts and circumstances of each individual case. Thus, we simply adhere to the general rule that insurance agents have a duty to exercise the skill and knowledge normally possessed by members of that profession. Saturn Surplus has presented expert evidence from which *1214 a jury could conclude that inspecting the premises and offering flood insurance fell within the Brown Agency's duty of care, and moreover, that the agency breached this duty. It is within the province of the jury to determine the merit of these propositions.
¶ 25 Finally, we turn to the issues of causation and damages. It is undisputed that the lack of flood insurance created a significant out-of-pocket loss to Saturn Surplus. A genuine issue of fact exists as to whether Saturn Surplus would have accepted flood insurance if it had been offered. For these reasons, we conclude that the trial court erred as a matter of law in granting summary judgment.
¶ 26 The trial court's reasoning does not compel a different result. The trial court relied on Treski v. Kemper Nat'l Ins. Cos., 449 Pa.Super. 620, 674 A.2d 1106 (1996), for the proposition that insurance companies do not have a continuing duty to explain the limits and exclusions in a policy, or to "explain every permutation possible from an insured's choice of coverage." Id. at 114, 674 A.2d 1106 (citation omitted). See, Trial Court Opinion, 4/18/2003, at 5.
¶ 27 Treski and its progeny establish that once the insured has chosen an insurance policy, the insurer need not remind the insured of the coverage limits, or to explain every contingency under the policy in which coverage might not exist. Id.[9] In contrast, the issue in this case is whether an insurance agent has a duty to inspect the property so as to become aware of a significant risk of flooding, and then to offer the insured this coverage option where the insured may not have been aware of the need for flood insurance in the first instance. Of course, this process of offering insurance options takes place before the parties enter into the contract itself.
¶ 28 Reading the record in the light most favorable to the non-moving party, Saturn Surplus was not aware of the need for flood insurance. Saturn Surplus relied on the Brown Agency to provide "full coverage" for the property, and relied on the Brown Agency to provide (or at least offer) this "full coverage." Given that Saturn Surplus is located near a river and in fact has a stream running under the property, one reasonable inference is that the Brown Agency should have inspected the property and offered flood insurance as part of a "full coverage" package. We are unwilling to declare as a matter of law that the contrary is true and that the Brown Agency is entitled to summary judgment.
¶ 29 The trial court also held that the Brown Agency had no duty to counsel Saturn Surplus because no "special relationship" exists between the parties. Trial Court Opinion, 4/18/2003, at 6, citing, eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10 (Pa.Super.2002). In eToll, this Court held that a client of an advertising agency could not bring a breach of fiduciary duty claim against the agency. Id. at 23. This Court held that no confidential relationship existed between the parties, even though the client relied on the agency's superior skill in the advertising field. Id.
¶ 30 The instant case does not present a question of breach of fiduciary duty. This case does not rise or fall on the existence of a special or confidential relationship between the parties. Rather, this case presents a "garden variety" negligence claim. The issue is whether the Brown Agency violated its ordinary duty of professional care to a client under § 299A. For the *1215 reasons set forth above, a material issue of fact exists as to whether the Brown Agency violated this ordinary duty of care.
¶ 31 For the reasons set forth above, we reverse the trial court's order granting summary judgment to the Brown Agency, and quash EMC's appeal.
¶ 32 Reversed in part and quashed in part. Jurisdiction relinquished.
¶ 33 Judge CAVANAUGH files a dissenting opinion.
CAVANAUGH, J., Dissenting:
¶ 1 I respectfully dissent. While I agree with the majority disposition with respect to quashal of EMC's appeal, I disagree that there is a duty upon the Brown defendants to inspect the premises and "offer" flood insurance as a result of its duty of care. The majority so decides without any evidence that the commercial insurance policy sought by appellants may include available coverage for losses due to flood or whether or not it is common knowledge that flood insurance may only be obtained through other resources. In the absence of a special relationship, there is no duty on an insurance agent to advise a client with respect to the type of coverage provided in an insurance contract. Kilmore v. Erie Insurance Co., 407 Pa.Super 245, 595 A.2d 623 (1991); Treski v. Kemper Insurance Co., 449 Pa.Super. 620, 674 A.2d 1106 (1996). Here there is no evidence of a special relationship whereby the agent undertook any special responsibilities with respect to providing insurance coverage. From all of the evidence, it appears that this is a transaction wherein appellants sought prompt action in obtaining ordinary commercial coverage for their new business. The evidence suggests nothing more than an ordinary work-a-day insurance agent/client business relationship. The majority opinion may be read as imposing an onerous burden on insurance agents and brokers in Pennsylvania to act as insurance counselors.
NOTES
[1] We also note that failure to entertain an immediate appeal "will result in an injustice which a later appeal could not correct." Pullman, 713 A.2d at 1173. As noted infra, the trial court erred in granting summary judgment to the Brown Agency. By entertaining the appeal immediately, this Court will correct this error and remand for a single trial involving both the Brown Agency and EMC as defendants. In contrast, if we did not entertain this appeal immediately, the result would be a trial against only EMC. At the end of that trial, Saturn Surplus could take an appeal and argue that the trial court had erred by granting summary judgment to the Brown Agency. If we reversed and remanded for a trial against the Brown Agency at that time, the end result would be that Saturn Surplus must try the case twice: first against EMC, and again against the Brown Agency. Furthermore, there is a strong likelihood that in each of these two trials, the sole defendant would point to the absent defendant as the true tortfeasor. Such a result is unnecessarily burdensome and contrary to the interests of justice.
[2] The petition was included in the certified record and appears on the docket sheet, but it does not contain a date-stamp.
[3] We also note that the order denying summary judgment is not an appeal as of right under Pa.R.A.P. 311 and is not a collateral order under Pa.R.A.P. 313.
[4] Saturn Surplus complied with the trial court's order to file a Concise Statement of Matters Complained of on Appeal under Pa. R.A.P. 1925. Saturn Surplus raised the issues set forth in the instant appeal. The trial court did not issue a Rule 1925 opinion.
[5] Saturn Surplus did not raise any other claims, such as breach of contract, fraud, or bad faith.
[6] Again, the term "Brown Agency" refers collectively to the corporate entity and to the individual agents.
[7] A limited exception to this rule arises where "the facts are free from doubt" and the jury can come to only one reasonable conclusion. Johnson v. Walker, 376 Pa.Super. 302, 545 A.2d 947, 950 (1988), appeal denied, 522 Pa. 577, 559 A.2d 38 (1989).
[8] We express no opinion on whether an expert report is necessary in all cases such as this one. Nor do we express any opinion on the issue of whether Saturn Surplus will prevail at trial.
[9] The Treski Court also noted that the insurer in that case provided the notice that was required by statute. Id.