**Ratchford v. Florey Insurance Agency**

C.P. of Lackawanna County, no. 00-CIV-2121.

*Christopher T. Powell,* for plaintiff.
*Joseph Van Jura,* for defendant Florey Insurance Agency.
*Thomas R. Daniels,* for defendant American Independent Insurance Company.

MINORA, *J.,* March 8, 2005—This action is before the court by way of the defendant, Florey Insurance Agency's motion for summary judgment pursuant to Pa.R.C.P. 1035.2 joined by co-defendant, American Independent Insurance Company. All parties have briefed their respective positions and oral argument was heard January 4, 2005. Accordingly, this matter is ripe for disposition.

## STATEMENT OF THE CASE

This matter has been instituted by the plaintiff's complaint which was originally filed on June 10, 2000, and subsequently twice amended. The first amended complaint was filed September 13, 2000, and the second

amended complaint was filed on October 6, 2000. The claims ultimately asserted by the plaintiff against the defendants include two separate counts of negligence, one against the Florey Insurance Agency and the other against American Independent Insurance Company. The root of the plaintiff's allegations arise from an insurance policy covering motor vehicle liability which was provided to the plaintiff by Florey. The agency only secured a policy providing for limited tort coverage when plaintiff claims that full tort coverage was what he selected. The underlying circumstances that prompted the initiation of this suit are set forth below.

On May 2, 1998, the plaintiff was involved in an automobile accident that occurred at the corners of Main and Elm Streets in Moosic, Pennsylvania. Allegedly, the plaintiff was driving his 1994 BMW with his mother when he was struck by another vehicle owned and operated by the Strunks. The collision caused the plaintiff both economic and noneconomic damages. Prior to the accident, the plaintiff maintained an automobile insurance policy issued by the American Independent Insurance Company, and purchased from an agent of the Florey Insurance Agency.[1] The plaintiff alleges that he notified American through its agent that he required an insurance policy covering full tort liability. (See second amended complaint ¶6.) It was not until after the accident that Mr. Ratchford, the plaintiff, was informed that his insurance policy did not include the full tort option. (See second amended complaint ¶8.) The plaintiff further alleges that neither Florey nor American presented

---

1. American Independent Insurance Company policy number assigned to Ratchford was policy ******.

4

the plaintiff with notice of the available tort options at the time application/renewal was made of his insurance coverage as is required under the Motor Vehicle Financial Responsibility Law §1791.1. (75 Pa.C.S. §1791.1.) Without full tort coverage, Mr. Ratchford is barred from recovering for his noneconomic damages from the accident of May 2, 1998.

Mr. Ratchford provided deposition testimony that he purchased the 1994 BMW 325i from the 286 Corporation on April 20, 1998. The plaintiff indicated that the salesperson from the car dealership, Dan Sylvester II, helped him obtain his insurance policy covering the BMW. The testimony indicates that Mr. Sylvester made a telephone call to the Florey Agency to arrange for insurance coverage on the plaintiff's new vehicle including the full tort option. (See D.T. Ratchford pp. 76-78.)

After the accident on May 2, 1998, the plaintiff notified his insurer that both he and his mother were injured in the collision. Reportedly, the plaintiff was instructed by the Florey Agency to report to their office to sign documents to "make the policy right and to ensure payment of his medical bills." (D.T. Ratchford p. 88.) On May 7, 1998, the plaintiff appeared at the Florey office and executed a written application for automobile insurance for his newly acquired BMW. The plaintiff testified that during that meeting he was under the impression that he was executing documents for his medical bills. (D.T. Ratchford p. 89 ¶3.) Instead he executed documents extending the policy that was currently in place including only the limited tort option to cover his new vehicle. The plaintiff recounted that no disclosure was made by the agents on the topic of tort options, nor was

he given the required forms pursuant to the MVFRL. At the core of the complaint is the allegation that the defendants have neglected to extend full tort coverage to the plaintiff after he requested such coverage for his automobile insurance at the time of purchase. It is the defendants' contention that, since the plaintiff merely added another vehicle to his then-existing policy of auto insurance, the plaintiff's prior selection of the limited tort option should be operative since the plaintiff never specified to the defendants that he wanted full tort coverage. The factual dispute between the plaintiff, alleging he ordered full tort coverage, and defendant denying plaintiff ever so specified full tort coverage is enough to bar the pending motions, but to conclude that now is premature.

Before we begin our discussion of the issues presented by the defendants' motions for summary judgment, we shall first set forth the standard of review.

### Summary Judgment:

The parties have presented motions to the court pursuant to Pa.R.C.P. 1035.2, which allows a party to move for summary judgment:

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to

the cause of action or defense, which in a jury trial would require the issues to be submitted to a jury." See Pa.R.C.P. 1035.2(1) and (2).

Accordingly, summary judgment is appropriate only in those cases where the record demonstrates that there is no genuine issue of any essential facts, and that the moving party is entitled to judgment as a matter of law, *Conway v. Tink's Spearment Café Inc.,* 01 CIV 6105 C.C.P. Lacka. Cty. (Judge Minora August 13, 2004); *Bird Hill Farms Inc. v. United States Cargo & Courier Service Inc.,* 845 A.2d 900, 903 (Pa. Super. 2004), and the moving party carries the burden to prove that no genuine issue of material fact exists. *Aetna Casualty and Surety Company v. Roe,* 437 Pa. Super. 414, 419-20, 650 A.2d 94, 97 (1994); *Overly v. Kass,* 382 Pa. Super. 108, 111, 554 A.2d 970, 972 (1989). A proper grant of summary judgment is dependent upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains sufficient evidence of facts to make out a prima facie cause of action or defense. Therefore, there is no genuine issue to be submitted to the jury. *Wisniski v. Brown & Brown Insurance Co. of Pa.,* 852 A.2d 1206 (Pa. Super. 2004). Furthermore, if the defendant is the moving party, he may make the necessary showing to support the grant of summary judgment by pointing to materials that indicate the plaintiff is unable to satisfy an element in his cause of action. *Rauch v. Mike-Mayer,* 783 A.2d 815 (Pa. Super. 2001), *appeal denied,* 568 Pa. 634, 793 A.2d 909 (2002). Conversely, the non-moving party must adduce sufficient evidence on an issue essential to the case and on which bears the burden of proof, so that a jury could return a favorable verdict. *Haney v. Pagnanelli,* 830 A.2d 978, 980 (Pa. Super. 2003). The

court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the non-moving party. *Kurian ex. rel. Kurian v. Anisman,* 851 A.2d 152 (Pa. Super. 2004). The court's function is not to decide issues of fact but merely to determine whether any such issues exist. *Wisniski, supra.* If the non-moving party fails to come forward with sufficient evidence to establish or contest the material issue of the case, the moving party is entitled to judgment as a matter of law. *Id;* see *Savitsky v. Waste Management of Pennsylvania Inc.,* 02 CV 3303 C.C.P. (Judge Minora, January 19, 2005).

Following these principles, we will now turn to the merits of the defendants' motion. The Florey Insurance Agency has raised the following issues in its motion for summary judgment followed by defendant, American Independent Insurance Company's, motion for summary judgment:

*Issues:*

(1) Whether Count I of the second amended complaint should be dismissed, and the defendant Florey Insurance Agency's motion for summary judgment, pursuant to Pa.R.C.P. 1035.2, be granted since the plaintiff failed to state a claim upon which relief can be granted and has failed to set forth a legally cognizable action in negligence?

(2) Whether Count I of the second amended complaint should be dismissed and defendant Florey Insurance Agency's motion for summary judgment, pursuant to Pa.R.C.P. 1035.2, should be granted because the issue of noneconomic damages has not been resolved in the third-

party claim involving Edward and Lewis Strunk wherein the defense of limited tort was raised barring the plaintiff recovery for noneconomic damages?

(3) Whether Count II of the second amended complaint should be dismissed and defendant American Independent Insurance Agency's derivative motion for summary judgment, pursuant to Pa.R.C.P. 1035.2, should be granted?

## DISCUSSION

### *Negligence:*

The plaintiff, Mr. Ratchford, asserts claims in negligence against both the insurance agency, Florey Insurance Agency, and the insurance provider, American Independent Insurance Company. Presently, defendant Florey represents that Ratchford failed to set forth a legally cognizable claim in negligence. Below we will consider whether Ratchford properly set forth a claim in negligence through his second amended complaint.

In a negligence action, it is rudimentary that the plaintiff raises and proves the elements of duty, breach, causation and damages. Essentially, the plaintiff must show that the defendant failed to conform to a requisite standard of conduct and the defendant's breach of that duty caused the plaintiff's underlying injuries. *Wisniski, supra* at 1212. (citations omitted) The Supreme Court of Pennsylvania has established that the determination of whether a duty exists is a question of law. *Sharpe v. St. Luke's Hospital,* 573 Pa. 90, 96, 821 A.2d 1215, 1219 (2003). Therefore the question of duty is rightfully before this court.

Agents of the insurance industry must have the requisite competence maintained by others in the industry in conducting their business. The *Wisniski* court specifically set forth the duty of care of an insurance agent as follows: "As a licensed insurance agent, [the insurance agency is] required to exercise the skill and knowledge normally possessed by members of that profession and [its] failure to do so render[s] it liable for any loss of coverage." *Wisniski, supra* at 1212 citing *Pressley v. Travelers Property Casualty Corp.*, 817 A.2d 1131, 1138 (Pa. Super. 2003) (footnote omitted);[2] Restatement (Second) of Torts §299A.

Insurers and insurance agents have both a professional duty and a statutory duty to their customers. Namely, insurers have a duty to procure a policy of insurance in accordance with the customer's requirements and specifications, while they adhere to the standards delineated by statute.

In the matter sub judice, the defendant, insurer, allegedly had a duty to supply the plaintiff, the insured, with the exact policy that he selected, to wit, full tort coverage. Part of our analysis involves the factual dispute of whether the plaintiff did choose the full tort option for his automobile insurance policy which he was ultimately, and negligently denied, or whether he selected limited tort coverage. Therefore, there appears to be a question of fact at issue. In reviewing the record in a light most favorable to the plaintiff as the non-moving party, there

2. The Superior Court noted that consumers look at the insurance agent as possessing expertise in a complicated area; it is therefore not unreasonable for the consumers to rely on the representations of the expert rather than on the contents of the insurance contract. *Pressley v. Travelers Property Casualty Corp.*, 817 A.2d 1131 (Pa. Super. 2003).

is testimony that the insured chose full tort coverage, but was negligently only provided limited tort coverage. (See D.T. Ratchford p. 77.) Plaintiff, Ratchford, testified that, when he renewed his insurance policy during the period of February 6, 1998 through August 6, 1998, he never received an explanation of the limited tort options. (See D.T. Ratchford pp. 83-84.) Mr. Ratchford was called to appear at the Florey Agency on May 7, 1998, to fill out paperwork in regard to payment of his hospital bills from injuries sustained in the May 2, 1998 accident. (D.T. Ratchford p. 97.) It was at this meeting that that Mr. Ratchford signed documents indicating that he selected the limited tort option and waivers of uninsured motorist protection and underinsured motorist protection. (See defendant Florey's exhibit "Ratchford E".) Yet, there is no indication that Ratchford made these waivers knowingly or intelligently. Mr. Ratchford provided the following deposition testimony to Florey's attorney, Mr. Joseph Van Jura, regarding the May 7, 1998 meeting at the Florey Agency:

"Q. Do you believe that you were misled with respect to where you signed on that line in the middle of page 3 of exhibit E?[3]

"A. I feel like that, yeah.

"Q. And would you tell me what you base that on, what fact you base that on or what observation you base that on?

"A. What fact do I feel I was misled by?

"Q. Yes.

---

3. Insurance policy provision entitled "Notice to Named Insureds."

"A. The fact that the man from the—Dan from 286 called that policy in and then I was misled to believe I had it [full tort coverage]. Now I'm having problems with my hospital bills. I'm up there with the pretense that I'm signing something to straighten out the situation at the hospital.

"I didn't—I had no reason to believe that, you know, anything like this was going to be put in front of me. I just signed it. It was late in the day, and I wanted to get in and out of there. And it was, 'Here, sign this.' I remember that. She was turning the pages over like this (indicating), so I signed it and left." (See D.T. Ratchford pp. 96-97.)

The Superior Court noted that where an insured elects lower coverage under an insurance policy, the insurer bears the burden to prove that the election was made in a knowing and intelligent manner. *Allwein v. Donegal Mutual Insurance Co.,* 448 Pa. Super. 364, 671 A.2d 744 (1996), citing 75 Pa.C.S. §§1731, 1734. Presently Florey has not provided any such proof indicating that the insured's selection was made knowingly and intelligently. Instead, the record indicates that Ratchford blindly made his selection for the limited tort option, after the accident, when he was told by the agent, who should be advising him honestly, "Here, sign this." (See D.T. Ratchford pp. 96-97.) This leads us to the next subject for discussion which is the notice requirements the insurer must provide according to statute.

The statute applicable under the present circumstance is the Motor Vehicle Financial Responsibility Law (MVFRL). 75 Pa.C.S. §1791.1(b) states that: "an insurer must, at the time of application for original coverage for

private passenger motor vehicle insurance and every renewal thereafter, provide to an insured the . . . notice of the availability of two alternatives of full tort insurance and limited insurance described in section 1705(c) and (d) (relating to the election of tort options)."

Accordingly, by law, the insurer is responsible for disclosing the available tort options to its customers upon application or renewal. This includes presenting the proper forms and waivers of coverage to the customer and explaining and differentiating the two tort options.[4]

---

4. *Financial Responsibility Requirements* of 75 Pa.C.S. §1705(a):

"(1) Each insurer, not less than 45 days prior to the first renewal of a private passenger motor vehicle liability insurance policy . . . shall notify in writing each named insured of the availability of two alternatives of full tort insurance and limited tort insurance. . . . The notice shall be a standardized form adopted by the commissioner and shall include the following language:

"NOTICE TO NAMED INSUREDS

"(A) 'Limited tort' option—The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of 'serious injury' as set forth in the policy or unless one of several other exceptions noted in the policy applies. The annual premium for basic coverage as required by law under this 'limited tort' option is $_____.

"Additional coverages under this option are available at additional cost.

"(B) 'Full tort' option—The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household

The insurance agent should also be sure to provide a verbal explanation to the customer, assuring himself that the customer knows and understands the difference between the types of coverage, and has a conceptual understanding of what documents are being signed. Pursuant to the requirements of the MVFRL, it is of no consequence whether this court determines that Ratchford intended to renew his existing policy or acquire a new policy of automobile insurance when he added his BMW.[5] In either scenario, the insurer must disclose the two types of tort coverage available according to 75 Pa.C.S. §1791.1(b).[6] Here, the insurer had a duty to provide information on tort coverage elections to the insured and conform his actions to industry standards, on an original

members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers. The annual premium for basic coverage as required by law under this 'full tort' option is $_____.

"Additional coverages under this option are available at additional cost."

5. It is undisputed that Mr. Ratchford reported at the Florey Agency May 7, 1998, signed documents extending limited tort coverage to his BMW. Yet Florey contends that it merely was required to extend the previously obtained policy of insurance to cover the BMW, while the plaintiff maintains that he requested a new policy of insurance.

6. 75 Pa.C.S. §1791 contains a presumption that the insured has been notified of the benefits and limits available under the MVFRL if the requirements of section 1791 have been met. Here the necessities of section 1791 have been supplied to the insured. (See defendant Florey's exhibit "Ratchford E"). Yet there is conflicting evidence of record which flies directly in the face of the presumption which includes the plaintiff's testimony that when he was executing the documents of the insurance policy he did not realize it was the insurance policy and he was told by the insurer to merely "sign this." (See D.T. Ratchford pp. 96-97.)

application for a new policy "and every renewal thereafter." 75 Pa.C.S. §1791.1(b).

At this juncture it can be necessary to resolve whether the insurer breached its duty of care to Mr. Ratchford, the insured. As we have noted above the insurance agent or insurance company is required to exercise the skill and knowledge normally possessed by other members of the profession, while abiding by the standards under statute. Several Commonwealth courts before us have established that the question of whether the defendant breached a duty of care is a factual issue suitable for the jury to determine. *Sharpe, supra;* see also, *Wisniski, supra.* Therefore, based upon the record before this court there is a question of fact as to whether the Florey Agency breached its duty to Mr. Ratchford that is appropriate to submit to a jury.

The final two elements required in a negligence action are causation and damages. It is essential that the complainant suffer actual loss or damage to maintain a cause of action in negligence. *Peters v. Sidorov,* 855 A.2d 894, 898 (Pa. Super. 2004). The plaintiff, by his second amended complaint, asserts that, as a direct and approximate result of the defendants' negligence, the plaintiff will be unable to recover his noneconomic damages from the car accident of May 2, 1998. The plaintiff's complained-of injury is his inability to recover noneconomic damages from the car accident. As stated above, an insurer's failure to exercise the skill and knowledge normally possessed by members of the profession render the insurer liable for loss of coverage. *Wisniski, supra.* Accordingly, the plaintiff's alleged loss of coverage damages should be recoverable if a jury finds that the defen-

dant, Florey Insurance Agency, was negligent in providing the plaintiff with the proper full tort coverage that he sought.

The next issue presented to the court by Florey's motion for summary judgment incorporates the unresolved status of the limited tort option defense raised by the Strunk defendants as to the noneconomic damage claims of the plaintiff in the underlying action. The *Ratchford v. Strunk* action has not gone to trial and the Florey defendants assert that it is presently unknown and unknowable as to whether the limited tort defense will prove effective in that case. The *Ratchford v. Strunk* matter is a separate action with a separate docket number.[7] That action involves Strunk's negligent operation of a motor vehicle. Although the Strunk defendants assert as a defense Ratchford's election of the limited tort option, it is of no consequence to this court if that defense prevails at trial. At present the plaintiff, Ratchford, has brought a negligence claim against his insurance company and insurance agency. The present action must be maintained separate, distinct and apart from the allegations against the Strunk defendants. Accordingly, we find that the Florey defendant's argument lacks merit.

After a full examination of the position of the defendant, Florey Insurance Agency, we must deny its motion for summary judgment. We find that the plaintiff has asserted a sufficient claim against the defendant which raises a question of fact to be resolved by the jury. We further decline to extend summary judgment in favor of Florey on the basis of the third-party claim argument. The court is convinced the plaintiff has ultimately pled a

---

7. Matter docketed at Lackawanna County no. 99 CV 4841.

second amended complaint showing duty, breach of duty, causation and damages. Therefore summary judgment is denied.

The final issue for this court to consider includes the derivative claim of negligence against defendant, American Independent Insurance Company, asserted by the plaintiff. Count II of the plaintiff's second amended complaint alleges that American was negligent in selecting their agent, Florey Insurance Agency, and in providing the plaintiff with limited tort coverage rather than full tort coverage. (See second amended complaint ¶¶18, 19, 20.) American does not contest that the allegations made against it are a result of Florey's actions and inactions. The assertions made in American's motion for summary judgment are identical to those made by Florey. We therefore have no choice but to deny American's motion for summary judgment. An appropriate order consistent with this memorandum follows.

## ORDER

And now, to wit, March 8, 2005, upon consideration of the defendants' motions for summary judgment, the verbal and written arguments of counsel, and in accordance with the preceding memorandum it is hereby ordered and decreed:

(1) Defendant Florey Insurance Agency's motion for summary judgment is denied and dismissed.

(2) Defendant American Independent Insurance Company's derivative motion for summary judgment is denied and dismissed.